# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* *https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** 23-15260

**Case Name** Odette Batis v. Dun & Bradstreet Holdings, Inc.

**Counsel submitting this form** Ashley I. Kissinger, Elizabeth L. Schilken

**Represented party/parties** Dun & Bradstreet Holdings, Inc.

*Briefly describe the dispute that gave rise to this lawsuit.*

Odette Batis ("Plaintiff"), who is or was a librarian employed by the City of Richmond, California, sued Dun & Bradstreet Holdings ("D&B") because it offers a free trial of its business-to-business database D&B Hoovers, and during that free trial a person can view business contact information for government and business professionals working in California that are contained in the database.

Plaintiff concedes that the D&B Hoovers database is fully protected by the First Amendment, as is D&B's inclusion of her information in the database. Plaintiff alleges her right of publicity was nonetheless violated because publicly available information consisting of her (i) name, (ii) job title ("Librarian at City of Richmond"), and (iii) telephone number with the City library is available for display to users during such a free trial (i.e., that information is provided to a free trial user if a search entered by the user happens to return that information). She alleges that D&B's conduct violated her right of publicity and caused her mental injury.

Plaintiff filed a putative class action suit asserting claims for (1) violation of California Civil Code § 3344; (2) common law misappropriation of name and likeness; and (3) unfair competition under California Business & Professions Code § 17200, et seq.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                          Rev. 09/01/22

1

*Briefly describe the result below and the main issues on appeal.*

D&B filed a Special Motion to Strike the Complaint pursuant to California Code of Civil Procedure § 425.16. D&B appeals the denial of its anti-SLAPP motion. The main issues on appeal are: (1) Is openly providing the public with contact information for professionals who work for the government and businesses an act in furtherance of D&B's right of free speech in connection with a public issue under Sections 425.16(e)(3) and (e)(4) of California's anti-SLAPP statute?; (2) Are right of publicity laws content-based speech regulations that are subject to strict scrutiny under Sarver v. Chartier, 813 F.3d 891 (9th Cir. 2016)?; (3) Did the court err in holding that the free trial of an information database is entitled to lesser First Amendment protection than the database itself?; (4) Would the application of the right of publicity laws in the manner Plaintiff requests fail to meet strict scrutiny since it would effectively prohibit D&B from offering free trials of its database, where D&B's publication of the same information via subscription is fully protected by the First Amendment?; (5) Would application of the right of publicity laws in the manner Plaintiff requests fail to meet intermediate scrutiny for the same reason?; (6) If the free trial is considered an "advertisement," is it nonetheless fully protected by the First Amendment, since the database itself is fully protected?; (7) Is the free trial protected under the public interest/public affairs exception to Section 3344 and common law misappropriation claims?; and (8) Does Plaintiff lack Article III standing?

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

Rashad DeBose v. Dun & Bradstreet Holdings, Inc., Case No. 2:22-cv-00209-ES-JRA (D.N.J.), is a related, identical putative class action based on Ohio's right of publicity law.

**Signature** s/Ashley I. Kissinger  **Date** 3/3/2023
*(use "s/[typed name]" to sign electronically-filed documents)*