**No. 23-15260**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

ODETTE R. BATIS,

*Plaintiff-Appellee*,

v.

DUN & BRADSTREET HOLDINGS, INC.,

*Defendant-Appellant*.

On Appeal from the United States District Court
for the U.S. District Court for the Northern District of California
No. 3:22-cv-01924-MMC
Hon. Maxine M. Chesney, District Judge

**REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

Ben Osborn
Law Office of Benjamin R. Osborn
102 Bergen St.
Brooklyn, NY 11201
Phone: (347) 645-0464
Email: ben@benosbornlaw.com

Michael F. Ram (SBN 104805)
mram@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Telephone: (415) 358-6293

*Attorneys for Plaintiff-Appellee*

Plaintiff-Appellee Odette R. Batis hereby responds to Defendant-Appellant Dun & Bradstreet's ("D&B") Opposition to her Motion to stay these proceedings until 30 days after the mandate issues in *Kim-Carter Martinez v. ZoomInfo Technologies Inc.*, No. 22-35305 (9th Cir.). For the reasons below, D&B's arguments in opposition are not persuasive. This appeal should be stayed.

**The issues presented are the same.** Even though the issues as D&B presented them in its Opening Brief are the same issues already pending before this Court in *Martinez*, D&B now claims there are important differences between the two appeals. D&B does not contest that in both appeals, the defendants advertised their services by publishing searchable profiles containing information about individuals. But D&B insists the issues are different because D&B's profiles appear as part of a "free trial," while ZoomInfo's profiles appear as "teasers." D&B does not explain the relevance of this semantic distinction. There is none. In both *Martinez* and this appeal, the defendants used profiles of information about individuals to advertise subscription prospect-tracking services to professional salespeople. In both appeals, the defendants argued that California's anti-SLAPP statute protects their advertisements, and that the individuals portrayed lack Article III standing. Whether the profiles appeared as "teasers" or as part of a "free trial" has no bearing on either the anti-SLAPP analysis or the standing analysis. D&B does not argue otherwise.

1

Nor do the First Amendment and "factual" issues D&B identifies distinguish this case from *Martinez*. *See* Dkt. No. 21, at *2. In both appeals, the defendants argue that the subscription service is entitled to full First Amendment protection, and therefore that any advertisement for that service must be protected by California's anti-SLAPP statute. *Compare Martinez*, No. 22-35305, Dkt. No. 23 ("*Martinez* Opening Brief"), at *52-59 (9th Cir. filed Aug. 19, 2022) (arguing that "ZoomInfo's directory is entitled to full First Amendment protection," and therefore "triggers anti-SLAPP protections" for any "advertisements for ZoomInfo's directory"); *with* Dkt. No. 10 ("Opening Brief"), at *31-41 (same argument with respect to D&B Hoovers). And in both appeals, the defendants argued that anti-SLAPP protections should apply because the profiles contain information about the individuals' professional lives, not their personal lives. *Compare Martinez* Opening Brief, at *9 (arguing that anti-SLAPP protection applies because "[n]o personal information appears in the preview profile, such as home address, home phone number, or personal email address"); *with* Opening Brief, at *7 ("Importantly, Hoovers does not contain private, personal information of a non-business nature."). In short, the issues presented – and indeed, the individual arguments made by the defendants – are identical between *Martinez* and the present appeal.

**There is no prejudice to D&B**. Although D&B's Opposition failed to identify any meaningful differences between the two appeals, even were there some

differences, D&B cannot meaningfully dispute that this Court's resolution of *Martinez* will inform the issues raised by D&B's appeal. There is simply no prejudice to D&B in waiting for a decision in *Martinez*. Any issues unique to D&B can be resolved after *Martinez* is decided and the requested stay is lifted. Indeed, staying this appeal will benefit both this Court and the parties, as it will narrow the scope to the issues (if any) that distinguish this matter from *Martinez*.

D&B argues that a stay will allow Plaintiff the benefit of addressing the ruling in *Martinez* while denying D&B the same opportunity. On the contrary, Plaintiff has no objection to D&B filing a supplemental brief and/or filing a revised opening brief after this Court rules in *Martinez*.

D&B also argues, in effect, that Plaintiff waited too long to seek a stay. This is both false and irrelevant. It is false because Plaintiff could not and did not know what issues D&B intended to raise until D&B filed its Opening Brief on June 16. Indeed, one of the "Issues Presented for Review" in D&B's opening brief is "whether Plaintiff lacks Article III standing," an issue that was not mentioned anywhere in D&B's Notice of Appeal. *See* ER-208 (stating "This is an appeal from the denial of an anti-SLAPP motion," and failing to mention any intent to appeal the district court's ruling on the 12(b)(6) motion with respect to Article III standing). And it is irrelevant because D&B fails to identify any prejudice D&B might suffer because of Plaintiff's supposed delay in requesting a stay. The underlying district

3

court litigation is stayed, so D&B does not have to expend any resources there. And staying this appeal pending *Martinez* will delay – and may obviate entirely – the effort D&B would expend in preparing a Reply and preparing for any oral argument this Court might order. In short, a stay will not prejudice or harm D&B in any way. Conversely, allowing the appeal to proceed will obligate the Court and parties to expend resources addressing issues that are certain to be influenced by the forthcoming decision in *Martinez*. It will also create a risk of inconsistent rulings between this appeal and *Martinez*.

For the reasons above, and for the reasons articulated in her initial Motion, Plaintiff respectfully requests this Court stay this appeal until 30 days after the mandate issues in *Martinez*. Plaintiff further respectfully requests a 30-day extension on the deadline for her Answering Brief (currently due August 16, 2023) should this motion be denied.

### Certificate of Service

I certify that on August 7, 2023, I filed or caused to be filed this document with the Ninth Circuit using the CM/ECF filing system, which will cause a copy of this document to be delivered to counsel of record for Defendant-Appellant.

By: */s/ Benjamin R. Osborn*

**Certificate of Compliance**

I hereby certify on August 7, 2023, that this document complies with the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 800 words and is less than 20 pages in length. This document complies with the typeface and type-style requirements of Fed. R. App. P. 36 because it has been prepared in Times New Roman in a 14-point size.

By: */s/ Benjamin R. Osborn*