No. 23-15260

IN THE

# United States Court of Appeals

FOR THE NINTH CIRCUIT

ODETTE R. BATIS,
*Plaintiff-Appellee*,
v.
DUN & BRADSTREET HOLDINGS, INC.
*Defendant-Appellant*.

*On Appeal from the United States District Court
for the Northern District of California
No. 3:22-cv-01924-MMC
Hon. Maxine M. Chesney*

## DUN & BRADSTREET'S OPPOSITION TO MOTION TO FILE THE CORRECTED BRIEF PLAINTIFF SUBMITTED TO THE COURT

**BALLARD SPAHR LLP**
Ashley I. Kissinger (SBN 193693)
KissingerA@ballardspahr.com
1225 17th Street, Suite 2300
Denver, CO 80202-5596
Telephone: 303.376.2407
Facsimile: 303.296.3956

Elizabeth L. Schilken (SBN 241231)
SchilkenE@ballardspahr.com
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350

**RIKER DANZIG LLP**
Michael R. O'Donnell
MODonnell@RIKER.com
Michael P. O'Mullan
MOMullan@RIKER.com
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
Telephone: 973.538.0800
Facsimile: 973.538.1984

*Attorneys for Defendant-Appellant,*
Dun & Bradstreet Holdings, Inc.

Defendant-Appellant Dun & Bradstreet Holdings, Inc. ("D&B") submits this opposition to Plaintiff-Appellee Odette R. Batis's ("Plaintiff") August 24, 2023, Motion to File a Corrected Brief, Dkt. 27 ("Motion").

## ARGUMENT

Plaintiff says her corrected brief, Dkt. 28, which she filed simultaneously with her Motion, "reflects the elimination of one document from the supplemental excerpts of record: an email chain between counsel." Motion at 1. She explains that her "Counsel removed the email chain from the supplemental excerpts of record after the clerk of court informed Counsel the document was not properly cited in the supplemental excerpts." *Id.*

While the second part of Plaintiff's representation is accurate, the first part is not, and the corrected brief submitted by Plaintiff should not be accepted by this Court. Plaintiff did submit a corrected supplemental appendix with the email omitted. Dkt. 23. And Plaintiff did file a so-called "corrected brief" that does not contain any *citation* to the now-omitted email. Dkt. 28. However, the "corrected brief" *continues to improperly reference* that now-omitted email. *See id.* at 28 n.7. What is worse, Plaintiff's "corrected brief" *continues to mischaracterize the contents of the email*, as did her originally filed brief.[1]

---

[1] The "corrected brief" says that D&B's assertion on appeal that Plaintiff waived her right to request limited discovery under the anti-SLAPP statute is "wrong and disingenuous." *Id.* The brief then references the omitted email for that proposition,

1

Plaintiff should not be permitted to file a "corrected brief" that still discusses the contents of an email that is not in the record, and that the Clerk of Court instructed her to omit from her filings. Nor should Plaintiff be permitted to mischaracterize the contents of the withdrawn email exchange.

D&B does not object to Plaintiff filing a corrected brief that removes all reference to the outside-the-record email chain. The email chain is not in the record

---

saying that "*D&B requested* that the case management conference *and commencement of discovery* be deferred until after the anti-SLAPP motion was decided," and she suggests that there is a "relevant email communication"—the one that she was required by the Clerk of Court to excise from her filings—that would demonstrate this. *Id.* (second emphasis added).

But, in fact, that email communication demonstrates that it was *Plaintiff* who raised the idea of staying discovery. After Plaintiff was served with D&B's motion to strike, Plaintiff sought (and received) additional time to respond to the motion but did *not* seek any discovery in order to respond to the motion. In fact, Plaintiff did not merely fail to request discovery, she affirmatively offered to stay discovery. For its part, D&B had simply asked to postpone the *Rule 16 Case Management Conference and related Case Management Statement* until after the motion to strike was adjudicated, and it provided Plaintiff with a redlined draft proposing adding that language to the joint motion to extend the anti-SLAPP briefing deadlines. (Plaintiff's improperly submitted email notably did not include this redlined attachment, leaving the false inference that D&B had raised the issue of discovery in that document.) D&B never even *mentioned* discovery (and in fact had anticipated that Plaintiff would insist on moving forward with discovery since D&B had filed an anti-SLAPP motion that factually challenged Plaintiff's Complaint, thereby allowing extrinsic evidence to be considered similar to a motion brought under Fed. R. Civ. P. 56). But to D&B's surprise, in response, it was *Plaintiff herself* who raised the issue of discovery, saying that she had no opposition to postponing it until after the anti-SLAPP motion was adjudicated, but wanted to proceed with the Case Management Conference and so refused to add D&B's requested language. (The court thereafter postponed the conference *sua sponte*.)

2

on appeal because it was never presented to the district court. Nor does it change the facts that are in the record showing: (1) Plaintiff never requested any discovery from the Court to respond to the substantial evidence D&B submitted with its motion, as she could have under the anti-SLAPP statute where, as here, the anti-SLAPP motion factually challenged Plaintiff's Complaint; (2) Plaintiff never claimed at any point in her papers filed in the district court that D&B's evidence was not properly before the court; and (3) Plaintiff's brief did not oppose (or, indeed, even address) any of the evidence D&B submitted with its motion to strike. *See* ER-97-127, 212.

## **CONCLUSION**

The email chain is not in the record on appeal and the Clerk therefore ordered Plaintiff to remove it from her filings. The email chain is not before the Court on this appeal because the parties' discussions and agreements about discovery did not, as Plaintiff suggests, preclude her from seeking discovery to respond to D&B's fact-challenging anti-SLAPP motion—a request to which D&B would not have objected (and, in fact, was surprised was not made). Accordingly, this Court should deny Plaintiff's Motion and strike from the record the so-called "corrected brief" Plaintiff submitted, as well as the original appendix she filed that contained the partial email chain, and order Plaintiff to file a new, truly corrected brief that removes all reference to the email chain.

3

Otherwise, this Court should permit D&B to submit the *entire* email chain in a supplemental appendix, together with the attachment, and to address it in its Reply Brief.

Respectfully submitted,

/s/ Michael R. O'Donnell

Michael R. O'Donnell
Michael P. O'Mullan
RIKER DANZIG LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
Telephone: 973.538.0800
Email: MODonnell@RIKER.com
Email: MOMullan@RIKER.com

and

Ashley I. Kissinger
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, CO 80202-5596
Telephone: 303.376.2407
Email: KissingerA@ballardspahr.com

Elizabeth L. Schilken
BALLARD SPAHR LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400
Email: SchilkenE@ballardspahr.com

Emmy Parsons
BALLARD SPAHR LLP
1909 K Street NW, 12th Floor
Washington, DC 20006-1157
Telephone: 202.661.2200
Email: ParsonsE@ballardspahr.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: September 5, 2023        By: /s/ Michael R. O'Donnell
                                                                 Michael R. O'Donnell, Esq.