**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ODETTE R. BATIS, on behalf of herself and all others similarly situated, | No. 23-15260 |
| Plaintiff-Appellee, | D.C. No. 3:22-cv-01924-MMC |
| v. | MEMORANDUM* |
| DUN & BRADSTREET HOLDINGS, INC., | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argued and Submitted January 9, 2024
San Francisco, California

Before: SILER,** CLIFTON, and M. SMITH, Circuit Judges.

Dun & Bradstreet Holdings, Inc. ("D&B") appeals the district court's denial of its motion to strike brought under section 425.16 of California's anti-SLAPP statute. D&B brought the motion in question against Odette Batis's putative class

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

action challenging the use of her name and contact information in the free trial for the D&B Hoovers database, which Batis alleges violates her right of publicity under California law. We have jurisdiction under the collateral order doctrine, *Batzel v. Smith*, 333 F.3d 1018, 1026 (9th Cir. 2003), and we affirm.

In doing so, we need not reach the merits of Batis's claims. When assessing a motion to strike, "[b]efore engaging in [the merits] analysis, a court must consider any claims by the plaintiff that a statutory exemption contained in section 425.17 applies." *Martinez v. ZoomInfo Techs., Inc.*, 82 F.4th 785, 790-91 (9th Cir. 2023) (internal quotation marks omitted). One such exemption applies to "any action brought solely in the public interest or on behalf of the general public" in which (1) the plaintiff does not seek relief different from the rest of any class of which she is a member, (2) the action would enforce an "important right affecting the public interest," and (3) "[p]rivate enforcement is necessary and places a disproportionate financial burden on the plaintiff." CAL. CIV. PROC. CODE § 425.17(b).

In *Martinez*, this court held that a similar lawsuit met all three requirements and was therefore exempt under section 425.17(b). That lawsuit likewise arose under California's right of publicity laws and challenged the use of the plaintiff's name and contact information in the free trial for an online professional directory.

*Martinez*, 82 F.4th at 787, 794. As the two lawsuits are almost identical, Batis's lawsuit also falls under the public interest exemption.

D&B's various efforts to distinguish *Martinez* are unavailing. First, while it is true that the public interest exemption does not apply to lawsuits brought against "any dramatic, literary, musical, political, or artistic work," CAL. CIV. PROC. CODE § 425.17(d)(2), D&B's database plainly does not fall within any of those categories—it is largely used for private commercial purposes, and D&B concedes that its "profiles are short and the vast majority are limited to basic business contact information." While D&B asserts that § 425.17(d)(2) also covers additional "important forms of protected speech," *Major v. Silna*, 134 Cal. App. 4th 1485, 1497 (2005), the legislative history cited in *Silna* makes clear that "important" refers to a "newspaper, magazine, or other periodical publication," as well as "*constitutionally protected artistic works and the like.*" *Id.* at 1497. Meanwhile, *Silna* itself involved the dissemination of a letter soliciting support for a political candidate, *id.* at 1489—a political work that clearly falls within the enumerated categories of subdivision (d)(2).

D&B next argues that unlike Martinez, Batis is seeking different relief from the rest of the class. It notes that her complaint seeks "[e]motional distress damages," which it asserts "are highly individualized." However, *Martinez* held that a plaintiff may seek any form of relief unless "from the face of the

3

complaint, [it] would apply only to a subset of the class." *Martinez*, 82 F.4th at 792. Batis's complaint clearly seeks emotional damages on behalf of both "Plaintiff *and the Class*." While D&B may find it implausible that the whole class experienced emotional distress, Batis's complaint does not expressly preclude any subset of the class from seeking such relief.

D&B finally argues that Batis waived any argument under section 425.17(b) by failing to discuss that exemption in the proceedings below. While that is correct, this court has discretion to excuse any such waiver. *In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000). As the issue is purely one of law and the necessary facts are fully developed, we choose to exercise that discretion here. *Romain v. Shear*, 799 F.2d 1416, 1419 (9th Cir. 1986).

**AFFIRMED.**